Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>vs.<br><br>MICHAEL JOE DEMETRIUS DAVIS,<br><br>                   Defendant. | Case No. 3:02-cr-0045-JWS<br><br>**PRE-DISPOSITION MEMORANDUM**<br>(Filed on Shortened Time) |

       Defendant, Michael Joe Demetrius Davis, by and through counsel Mary C. Geddes, Assistant Federal Defender, submits this memorandum in advance of the disposition hearing which has been calendared for this Monday, October 13, 2006, at 9:45 a.m.  No adjudication will be required, as the parties have agreed that Mr. Davis will admit  Violations  2 through 4, and alleged Violation 1 will be dismissed.  Mr. Davis is appearing on his first petition to revoke supervised release.

       With respect to the disposition by this court, Mr. Davis respectfully asks to be continued on supervision, and that the court impose a new condition of six months in community confinement (Cordova Center). Mr. Davis also agrees with the government that his term of supervised release be extended to October 2008.

A.

       Michael Davis turned 26 years old last month.  When he was 21, he was convicted on his guilty plea to possession with intent to distribute a controlled substance.  After spending 40 months in prison, he began his three years of supervision on October 24, 2004.[1]

---

[1] Mr. Davis completed the 500-hour BOP drug abuse program, but his participation in RDAP ended when a pen with marijuana residue was found in the cell he shared with another inmate.

His first year of supervision was unremarkable except for three positive drug tests. Shortly after Mr. Davis began supervision, he had two dirty UAs: one in December 2004 (cocaine) and one in January 2005 (marijuana). Mr. Davis was reprimanded and the number of monthly required urine tests was increased. In July 2005, Mr. Davis gave a positive marijuana urine specimen.

Near the end of his first year of supervision, however, Mr. Davis was arrested and subsequently pleaded no contest to a state misdemeanor, and received a fifteen-day sentence to serve. Mr. Davis did not notify his probation officer that he had been arrested, and he failed to file his required monthly reports in November 2005 and in December 2005. In fact, Mr. Davis did not contact his probation officer at all after his arrest in late September 2005, and was only just recently arrested.

Mr. Davis had panicked about reporting the arrest and conviction to his federal probation officer, as he greatly feared federal re-incarceration. Mr. Davis reports that, during the last year of his incarceration in USP Lompoc, he had been assaulted by other inmates because of ethnicity (Hispanic) and his small size. He reports that the guards were wholly ineffective in controlling the gangs within Lompoc and violence is rampant.

With respect to the state misdemeanor, Mr. Davis had been arrested on September 29, 2005, and two days later accepted a plea offer to resolve his case. He entered a no contest plea to attempted vehicle theft in the first degree, which is a class A misdemeanor, and received a sentence of fifteen days to serve.[2] He was released on bail, and was later remanded to Cordova Center for the purpose of serving the remainder of his sentence.

B.

The four allegations in the Petition to Revoke are class C violations. Upon a violation of a grade C violation, the court may revoke, **or may extend the term of supervised release and modify the conditions of supervision.** USSG § 7B1.3(a)(2).

---

[2] The undersigned has read over the police reports concerning Mr. Davis's arrest, and summarizes them as follows. In late September 2005, the general manager of a car dealership had allowed a resident of the Big Timber Motel, Travis Kinder, to take and test drive a $55,000 Mercedes on behalf of his friend "DJ." DJ, the person who had said he was interested in buying the car, did not have a valid license. The men were allowed to take the car from the dealership at 7:30 p.m. and were due back at 8:00 p.m. Kinder was subsequently located. Kinder reported that DJ had dropped him off and gone to Mountain View to show the car to his wife. At 10:20 p.m., police reported that they had seen the car being parked at the VFW Post and that three to four "BMA's" were seen leaving the car and going into the Post. The men were contacted inside, and Davis was among them. One APD officer had seen the car earlier and thought that Davis was the driver.

However, Kinder did not recognize Davis at all, and said that Davis did not resemble DJ. On Davis's person were car keys for a Ford, and $20. Apparently no key for the Mercedes was located. Although items found in the car were fingerprinted, there were no indications in the various reports of a match for Davis.

Two days after Mr. Davis's arrest, he was offered a "Rule 11" plea agreement by the State of Alaska, and Mr. Davis accepted. Mr. Davis pleaded to Attempted Vehicle Theft in the First Degree. His sentence was 180 days with 165 suspended, and placed on misdemeanor probation.

Because Mr. Davis was sentenced in Criminal History Category II, the Revocation Table specifies a recommended range of 4 to 10 months of imprisonment, USSG § 7B1.4(a), **or in the case of grade C violations**, the substitution of 4 to 10 months of community confinement or home detention time, as conditions of supervised release.  USSG § 7B1.3(c)(1).

The undersigned has spoken to the probation officers about Mr. Davis's case.  The position taken by the probation office and by the government is that six months of community confinement is not enough of a sanction.

By way of response, the Sentencing Commission has recognized that, with respect to class C violations, CCC time – or home confinement for that matter – can be substituted on a day-for-day basis.  In effect, the Sentencing Commission has said CCC time is enough of a sanction.  Indeed, community correctional centers such as Cordova Center are utilized for the service of state and federal sentences of incarceration.  Cordova Center is what Cornell Corrections calls a minimum-security and a "staff-secure" facility.  A CCC is an alternative to prison that offers offenders the opportunity to gain the necessary skills to live productively and responsibly.  However, it is not a resort, nor is it a college dorm.  Any time outside the facility is limited to participation in work or court-ordered treatment.  Conduct within the facility is closely monitored, and non-compliance with court orders or program directives is a basis for expulsion.

Mr. Davis has some significant challenges.  He lacks a high school degree, having dropped out of school in 10th grade.  Sometime during his high school years, he reports, he spent a month in North Star Hospital being treated for depression.  His PSR indicates he did not know his father, and had not lived with his mother since he was 14 years old.  He was one of twelve children.  He now reports that he himself has four children, two of whom were born in the last year.

Mr. Davis acknowledges that he can benefit from a supervised environment that encourages personal responsibility and enhances his employability.  Mr. Davis therefore requests that be confined at Cordova Center for six months, and be permitted to remain on supervised release.

C.

Specifically, Mr. Davis requests that the judgment in his case be modified to extend his supervision by one additional year and that he also be required to serve six months of community confinement as a condition of supervised release.  Six months of community confinement reflects a middle-of-the-range disposition, an appropriate sanction for the violations admitted here and for a first petition.

DATED this 13th day of October, 2006.

Respectfully submitted,
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
/s/ Mary C. Geddes
Assistant Federal Defender
Alaska Bar No. 8511157
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mary_geddes@fd.org

<u>Certification</u>:

I certify that on October 13, 2006, a copy of the
foregoing document was served electronically on:

Stephan Collins, Esq.

/s/ Mary C. Geddes