PROB 12C
(7/93)

# United States District Court
## for the
## District of Alaska



RECEIVED
MAR 20 2008
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Michael Joe Davis                    Case Number: A02-045 CR (JWS)

Sentencing Judicial Officer:        John W. Sedwick, Chief U.S. District Court Judge

Date of Original Sentence:          July 11, 2002

Original Offense:                   Possession With Intent to Distribute

Original Sentence:                  41 months jail, three years supervised release

Date Supervision Commenced:         May 1, 2007

Asst. U.S. Attorney: Stephan Collins              Defense Attorney: Kevin Fitzgerald

---

### PETITIONING THE COURT

[X]  To issue a warrant
[ ]  To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | The defendant has violated the Special Condition of Supervision "In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, at the discretion of the probation officer, the defendant shall participate in a program approved by the United States Probation Office for substance abuse treatment, which program shall include counseling and/or testing to determine whether the defendant has reverted to the use of drugs or alcohol," in that on February 6, 2008, the defendant failed to submit to urine testing as instructed. This violation is a Grade C violation. |
| 2 | The defendant has violated the Special Condition of Supervision "In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, at the discretion of the probation officer, the defendant shall participate in a program approved by the United States Probation Office for substance abuse treatment, which program shall include counseling and/or testing to determine whether the defendant has reverted to the use of drugs or alcohol," in that on February 8, 2008, the defendant failed to submit to urine testing as instructed. This violation is a Grade C violation. |

| | |
|---|---|
| 3 | The defendant has violated the Special Condition of Supervision "In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, at the discretion of the probation officer, the defendant shall participate in a program approved by the United States Probation Office for substance abuse treatment, which program shall include counseling and/or testing to determine whether the defendant has reverted to the use of drugs or alcohol," in that on March 3, 2008, the defendant failed to submit to urine testing as instructed.   This violation is a Grade C violation. |
| 4 | The defendant has violated the Special Condition of Supervision "In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, at the discretion of the probation officer, the defendant shall participate in a program approved by the United States Probation Office for substance abuse treatment, which program shall include counseling and/or testing to determine whether the defendant has reverted to the use of drugs or alcohol," in that On March 5, 2008, the defendant failed to submit to urine testing as instructed.   This violation is a Grade C violation. |
| 5 | The defendant has violated the Special Condition of Supervision "In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, at the discretion of the probation officer, the defendant shall participate in a program approved by the United States Probation Office for substance abuse treatment, which program shall include counseling and/or testing to determine whether the defendant has reverted to the use of drugs or alcohol," in that on March 17, 2008, the defendant failed to submit to urine testing as instructed.   This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

    [X]     Revoked
    [ ]     Extended for _____ year(s), for a total term of _____ years.

[ ]     The conditions of supervised release should be modified as follows:

Respectfully submitted,

**REDACTED SIGNATURE**

Travis Lyons
U.S. Probation/Pretrial Services Officer
Date: March 18, 2008

*Petition for Warrant or Summons*
*Name of Offender      :   Michael Joe Davis*
*Case Number           :   A02-045 CR (JWS)*

Approved by:

**REDACTED SIGNATURE**
_____
Eric D. Odegard
Supervising U.S. Probation Officer


THE COURT ORDERS

[X]   *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.*

[ ]   The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   Other:

**REDACTED SIGNATURE**
_____
John W. Sedwick
Chief U.S. District Court Judge

3-19-08
Date


**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
# DISTRICT OF ALASKA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>vs.<br><br>Michael Joe Davis | Case Number: A02-045 CR (JWS)<br><br>DECLARATION IN SUPPORT OF PETITION |

I, Travis Lyons, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Michael Joe Davis, and in that capacity declare as follows:

On December 2, 2004, the defendant was sentenced for Possession With Intent to Distribute a Controlled Substance to 41 months jail and three years supervised release. On October 16, 2006, the defendant's supervision was subsequently revoked for various Grade C violations and he was sentenced to time served and an additional two years supervised release. His new term of supervised release started on May 1, 2007. One of the supervision conditions imposed is that he submit to drug testing as directed.

On November 16, 2007, a Petition to Modify the defendant's sentence was submitted to the Court (docket #42) requesting that the defendant be placed on an electronic monitoring program for a period not to exceed 60 days, as the defendant had failed to show for scheduled drug testing, failed to submit monthly supervision reports in a timely manner, failed to notify his probation officer of his physical address, and failed to truthfully answer inquiries made by the probation officer. The defendant started the electronic monitoring program on November 21, 2007, completing the program on January 21, 2008.

On February 6, 2008, the defendant failed to show for a scheduled drug test. On February 8, 2008, the defendant failed to show for a scheduled drug test. On March 3, 2008, the defendant failed to show for a scheduled drug test. On March 5, 2008, the defendant failed to show for a scheduled drug test. On March 17, 2008, the defendant failed to show for a scheduled drug test.

Executed this 18th day of March, 2008, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

**REDACTED SIGNATURE**

Travis Lyons
U.S. Probation Officer